IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT EARL SHAFER, #1053332 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-072 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR, TDCJ-CID[1] | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Robert Earl Shafer, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). Respondent filed an Answer with Brief in Support seeking the dismissal of Petitioner's writ. (Instrument Nos. 8 & 9). Petitioner filed a Reply to Respondent's Answer. (Instrument No. 14). Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 56th Judicial District Court of Galveston County, Texas in Cause Numbers 99CR0481, 99CR0482, 99CR0483, and 99CR0484. Petitioner was separately indicted for the felony offenses of indecency with a child (C.R. I at 2-3)[2], aggravated sexual assault of a child–mouth to genital contact (C.R. II

---

[1] The previous named Respondent in this action was Doug Dretke. Effective June 1, 2006, Nathaniel Quarterman succeeded Doug Dretke as Director of the TDCJ-CID and, under Rule 25(d)(1) of the Federal Rules of Civil Procedure, is automatically substituted as a party.

[2] Clerk's Record is abbreviated as C.R. and "I" through "IV" represent each of the consecutive Cause Numbers (*i.e.*, 0481 - 0484).

at 2-3), aggravated sexual assault of a child–penetration of the anus (C.R. III at 2-3), and aggravated sexual assault of a child. (C.R. IV at 2-3). He pled "not guilty" to all the charges. A jury, after hearing all the evidence, found Petitioner guilty of indecency with a child, sexual assault of a child as reduced aggravated sexual assault of a child in Cause Numbers 99CR0482 and 99CR04873, and aggravated sexual assault of a child as alleged in Cause Number 99CR0484. After hearing the evidence in the punishment phase of the trial, the jury sentenced Petitioner to twelve (12) years in Cause Number 99CR0481, twenty (20) years in Cause Numbers 99CR0482 and 99CR0483, and seventy (70) years imprisonment in Cause Number 99CR0484. The judgment was entered on May 31, 2001. (C.R. I at 89-91; II at 84-86; III at 78-80; IV at 80-82).

On June 19, 2001, Petitioner filed a Motion for New Trial and Amended Motion for New Trial in all four cases ("Motions"). The Motions were heard on July 19, 2001. On August 14, 2001, the court issued a written order denying the Motions (C.R. I at 129; II at 117; III at 111; IV at 113).

Petitioner then appealed his convictions. On May 15, 2002, the Fourth Court of Appeals affirmed his convictions and also, on May 30, 2002, denied his request for rehearing. *Shafer v. State*, 82 S.W.3d 553 (Tex.App.–San Antonio 2002, pet. ref'd). Petitioner filed a Petition for Discretionary Review ("PDR") and the Texas Court of Criminal Appeals ("TCCA") refused review on November 6, 2002. *Shafer v. State*, PDR Nos. 1235-02, 1236-02, 1237-02, 1238-02.

On October 1, 2003, Petitioner filed four state writs of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure challenging each of his four convictions. The state court reviewed Petitioner's state writ claims and submitted findings of fact and conclusions of law to the TCCA. (State Records ("S.R.") at 37). Based on the findings submitted, the TCCA denied Petitioner's state writs without written order on November 19, 2003. *Ex parte Shafer*, WR-57,519-01 through -04.

Petitioner filed the instant federal habeas writ on December 12, 2003. Petitioner alleges he is entitled to federal habeas relief based on the following grounds:

> 1. There was no evidence or insufficient evidence by way of medical support that established that Petitioner committed the crimes for which he was convicted;
>
> 2. He was denied effective assistance of trial counsel because his attorney failed to: (a) prepare an opening statement; (b) offer any evidence to contradict the medical exam of the victim; (c) object "at points of trial" concerning contradicted testimony; and (d) he appeared to be in ill-health and "he seemed to have hearing problems, misinterpreting statements and testimony;"
>
> 3. The trial court erred in denying his motion for new trial because of newly discovered evidence consisting of letters written by the victim to Petitioner's daughter, Amanda Shafer; and
>
> 4. He is actually innocent.

Fed. Writ Pet. at 7-8.

No Evidence or Insufficient Evidence Issue

Petitioner claims that there was no evidence or legally insufficient evidence to support the convictions. In particular he claims that the medical professionals who examined the victim and testified at trial, did not establish whether the medical findings were the result of consensual sex or the result of being sexually assaulted. Fed. Writ Pet. at 7; Attach. A-1 at 1-2. In response to this claim, Respondent maintains that Petitioner did not raise it in his appeal or PDR and his failure to do so constitutes a procedural default under state law and provides an adequate basis for this Court to deny the claim as it is procedurally barred.

Under Texas law, a state prisoner cannot challenge the sufficiency of evidence in a state application for writ of habeas corpus. *Ex parte McLain*, 869 S.W.2d 349 (Tex. Crim. App. 1994); *see also West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996) (claim of legal insufficiency can only be asserted in a direct appeal and cannot be raised in a writ of habeas corpus petition).

3

Accordingly, in *Renz v. Scott*, the Fifth Circuit held that the state prisoner's failure to raise a legal sufficiency challenge on direct appeal constituted "a procedural default under state law." *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).  In so holding, the court in *Renz* adhered to the procedural default doctrine, which provides that an adequate reason to deny federal claims based on the issue of sufficiency of the evidence exists when the state habeas court has relied upon the procedural default and the TCCA has denied the state petition without stating its reasons. *See West v. Johnson*, 92 F.3d at 1398 n.18.  However, the Fifth Circuit has subsequently cautioned that "[t]he state must 'clearly and expressly' rely on the adequate and independent state ground" before the federal courts are prohibited from considering the claim due to procedural bar. *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000).  "The mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent [a federal court] from reaching the federal claim." *Harris v. Reed*, 489 U.S. 255, 261 (1989) (*quoting Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)).

In the present case Petitioner did not challenge the sufficiency of the evidence on direct review, but instead raised the issue in his Article 11.07 state habeas writs.  Relying upon *Renz*, as well as *Clark v. State of Texas*, 788 F.2d 309, 310 (5th Cir. 1986), Respondent urges this Court to find that because Petitioner did not present his no evidence or legally insufficient evidence on direct review, and only later asserted it in his state post-conviction habeas writ, he has procedurally defaulted the claim in state court.  The Court believes that Respondent reads these cases to broadly. A careful reading of both *Renz* and *Clark* discloses that the TCCA denied the writ either expressly based on procedural default, or by implication through its acceptance of the state court's findings of fact and conclusions of law that the claim of insufficiency of the evidence was not properly raised in a post-conviction state habeas writ.  Unlike either *Renz* or *Clark*, when Petitioner raised the claim in his state habeas writ, the state court did not rely upon a procedural default to dispose of the claim,

4

but instead the state habeas court effectively considered the claim, whether properly or not, on the merits. The TCCA denied Petitioner's state writ on the findings and conclusions of the state trial court and, while that denial was without written order, the silence of the TCCA implies that it accepted the reasoning of the underlying opinion. *See Bledsue v. Johnson*, 188 F.3d 250, 256-57 (5th Cir. 1999) ("looking through"the state court denial to "the last state court to render a reasoned decision"); *see also*, *Bennett v. Whitley*, 41 F.3d 1581, 1582-83 (5th Cir. 1994) (if the last state court to reach the issue addressed the claim on the merits, then the federal courts are also free to review merits of the claim). The Court, therefore, rejects Respondent's argument of procedural default and proceeds to review Petitioner's no evidence or legal insufficiency claim.

A federal court considers a claim of no evidence the same as a challenge to the legal sufficiency of the evidence. *Haley v. Cockrell*, 306 F.3d 257, 266-67 (5th Cir. 2002), *vacated on other grounds*, 541 U.S. 386 (2004). In determining a claim for legal insufficiency, a federal habeas court decides whether "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary" for the crime's essential elements. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). All credibility choices must be construed in favor of the verdict. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999). A federal court also cannot grant habeas relief unless the petitioner shows that the state court's judgment (1) resulted in a decision contrary to, or involved an unreasonable application of, federal law, or (2) was unreasonable in light of the evidence. 28 U.S.C. § 2254(d)(1)-(2).

Initially, the Court observes that Petitioner has merely reiterated the allegations previously presented in his state court writs and fails to show that the state court's judgment in this matter involved an unreasonable application of federal law or was unreasonable in light of the evidence. On this basis alone, Petitioner would not be entitled to federal habeas relief.

Moreover, after reviewing all the evidence in this case in a light most favorable to the prosecution, the Court concludes that it was legally sufficient to support the jury's verdicts of guilt. In particular, the evidence presented in these cases consisted of the victim's testimony about how the Petitioner, who was her step-father, inappropriately touched her and then sexually assaulted her, both vaginally and anally, over a period of several years when she was a minor. (Trial Transcript ("T.T."), Vol. 3 at 60-78, 80-82). The victim also testified that she had previously engaged in consensual vaginal sex with her boyfriend, but never consensual anal sex. (T.T., Vol. 3 at 107:10-16). The victim's testimony was corroborated by her younger sister, one of Petitioner's other daughters, who testified that when their mother was at work Petitioner would call the victim into his room and lock the door. (T.T., Vol. 3 at 111-113). The victim's mother and her aunt also testified concerning Petitioner's controlling behavior in the household (T.T., Vol. 3 at 11-14; 117-118), as well as the victim's outcry statements. (T.T., Vol. 3 at 14-15, 42; 118-119). There was medical evidence that was admitted which established that the victim had healed lacerations to her hymen and also to her anal area (T.T., Vol. 3 at 129-134, 138; Vol. 4 at 7-15), as well as expert medical testimony from the physician who testified that normally it was difficult to tell the difference between forced sex and consensual sex, but "in this case [he] would say that with reasonable medical probability there is evidence [based on the findings] of forced sexual intercourse with this child [the victim." (T.T., Vol. 4 at 7:7-25; 8:1-5). There was also expert medical testimony that delayed disclosure by children of a sexual assault(s) is very common. (T.T., Vol. 4 at 9:9-21). Given the evidence, a reasonable jury could have found the evidence sufficient to support the convictions in this case. The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this point.

<u>Ineffective Assistance of Trial Counsel Issue</u>

Petitioner claims that he was denied effective assistance of counsel at trial. The Sixth Amendment to the Constitution provides criminal defendants a right to effective assistance of counsel. U.S. CONST., Amend. VI. It does not, however, guarantee a criminal defendant "errorless representation." *Moreno v. Estelle*, 717 F.2d 171, 176 (5th Cir. 1983). To successfully state a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner's failure to establish either prong of Strickland necessarily requires a finding that counsel's performance was constitutionally effective. *Id.* at 687.

When determining whether counsel's performance was deficient, courts will "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id.* at 689; *see also, Wilkerson v. Collins*, 950 F.2d 1054, 1064 (5th Cir. 1992) (a reviewing court must be highly deferential to the trial attorney's conduct and presume that assistance was reasonably effective). A petitioner must also overcome the presumption that the "challenged action 'might be considered sound trial strategy.'" *Wilkerson v. Collins*, 950 F.2d at 1064 (*quoting Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (*quoting Garland v. Magio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)); *see also*, *Moreno*, 717 F.2d at 177 (counsel will not be deemed ineffective for failing to advance a defensive theory when his decision was a reasonable strategic choice based upon a "professional assessment of the plausibility of the defense and its likelihood of success at trial"). Therefore, when making that determination, the court must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings

of counsel in that total setting. *Strickland*, 466 U.S. at 690 (an ineffective claim is judged not by isolating a portion of counsel's representation, but on the totality of the representation).

The second prong of the test requires a petitioner to show prejudice. To establish prejudice, a petitioner must establish that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" means a probability sufficient to undermine the confidence in the outcome. *Id*. A petitioner must "affirmatively prove prejudice." *Id*. at 693. A petitioner cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Nor can a petitioner rely on conclusory allegations to satisfy this prong. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Finally, when there has been an adjudication on the merits in state court, as there has been here, a federal court may not grant habeas relief unless it decides that the state court's application of the *Strickland* standard was "objectively unreasonable." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 409-10 (2000). In making this determination, a federal court's focus is on the state court's ultimate legal conclusion, not its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

Petitioner asserts that he was denied effective assistance of counsel due to a number of errors during the trial. Petitioner first claims that his attorney was ineffective for failing "to challenge numerous leads of the witness [sic] by the prosecution." Fed. Writ Pet. at 7; B-1 at 1. In particular, Petitioner asserts that his attorney should have challenged the medical exam of the victim on cross-examination on the basis that she had engaged in consensual sexual activities with her boyfriends, starting when she was 13 years old; and on the basis that the victim destroyed evidence because the

8

Petitioner understands that the victim had sex just prior to the medical exam, which he believes would have destroyed evidence and make it impossible to determine if a rape had occurred. Fed. Writ Pet. at 7; Attach. B-1 at 1-2. Under Texas law, evidence of a victim's previous sexual conduct is not normally admissible. Tex. R. Evid. Rule 412. Although subsection (e) provides an exception to Rule 412, the trial court, during pretrial motions, expressly excluded evidence of the victim's consensual sexual history with her boyfriend. Accordingly, defense counsel was not deficient for failing to challenge the victim on this point during cross-examination. Notwithstanding this fact, a review of the record reflects that the victim testified that she had engaged in prior consensual vaginal sex, but never anal sex, with her boyfriend. Petitioner also fails to establish that even if counsel had been allowed to "challenge" the victim on these points, it would have led to a different result in the proceedings. Petitioner's conclusory statements are not sufficient to establish prejudice. *Schlang v. Heard*, 691 F.2d at 799.

In his second claim, Petitioner appears to suggest that his attorney failed to assert objections during the trial. In particular, he complains: "[a]t one point in the trial, [his attorney] finally did make an objection" and when the judge inquired as to the nature of his objection, his attorney only responded by stating "[w]ell, I'm just objecting," after which the judge looked over at the prosecutor and just smiled. Fed. Writ Pet. at 7; Attach. B-1 at 1. Petitioner's claim is without merit. A review of the record contradicts Petitioner's generalized claims that his attorney failed to object throughout the trial. Moreover, Petitioner fails to point to any specific instances in which his attorney failed to assert a viable objection, nor does he assert how he was prejudiced by any such failure.

In his next claim, Petitioner alleges that his attorney "often seemed to be in ill health, not hearing statements and testimony clearly" and "[s]everal times he had difficulty reading his own notes." Fed. Writ Pet. at 7; Attach. B-1 at 1. Petitioner's assertions, however, are tantamount to

9

nothing more than mere speculation and, without more, will not support a claim of ineffective assistance of counsel. *Armstead v. Scott*, 37 F.3d at 206.

In his fourth claim, Petitioner contends his attorney's "questioning was short, often not making any apparent point" he faults his attorney for not questioning him more on direct examination about his family's circumstances and explain why he was so "controlling." Fed. Writ Pet. at 7; Attach. B-1 at 1. Contrary to his assertions, a review of the record reveals that defense counsel did question him about his family circumstances and he was given an opportunity to explain why he was considered "controlling." Petitioner does not suggest what additional questions counsel should have posed or how any such additional questions would have altered the result in the case. Petitioner's assertions do not establish that he was denied effective assistance of counsel at trial.

Petitioner's fifth claimed error by counsel is that his attorney failed to prepare an opening statement and utilize "issues raised in the statement [he] wrote for [counsel] when [he] was arrested." Fed. Writ Pet. at 7; Attach. B-1 at 1. However, on these points too, Petitioner's claims are lacking as he fails to set forth what specific issues counsel failed to raise or how the outcome would have been different if his attorney had acted otherwise.

Petitioner next claims that his attorney erred because he never "questioned my witnesses in depth or asked elaboration even though they had intimate knowledge of my relationship with [the victim], Heather, and my children" and had he done so all of the witnesses would have "reported nothing but a normal father/daughter relationship with [the victim]." Fed. Writ Pet. at 7; Attach. B-1 at 2. Contrary to his assertions, the trial transcript reflects that his attorney called a number of witnesses to testify as to his character, as well as their observations of the relationship with the victim and his children. The testimony elicited from these witnesses was that they observed a normal relationship between Petitioner and the children. The mere fact that the jury chose not to

10

credit the witnesses presented and acquit Petitioner, does not support his claim that counsel's performance was deficient. To the extent Petitioner's claim is that counsel should have called additional witness to similarly testify, he fails to specifically assert what more his attorney could have presented by way of witnesses or how any such testimony would have changed the result in the case. Moreover, counsel will not be considered ineffective for failing to call witnesses whose testimony is cumulative of other evidence or testimony already presented. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). Petitioner also fails to establish that he was prejudiced and a mere allegation of prejudice is insufficient. *Armstead v. Scott*, 37 F.3d at 206.

Petitioner has not established, and the Court does not find, that the state court's application of *Strickland* was objectively unreasonable. The Court therefore **RECOMMENDS** that the Petition be **DENIED** on the ineffective assistance of trial counsel claims.

Denial of Motion for New Trial Issue

Petitioner maintains that the trial court abused its discretion in denying his motion for new trial. Under Texas law a defendant may file a motion for new trial based on newly discovered evidence. Tex. Code Crim. Proc., Art. 40.001. To obtain a new trial based on the discovery of new evidence a defendant must establish that "(1) the newly discovered evidence was unknown to him at the time of trial; (2) his failure to discover the evidence was not due to lack of due diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result." *Wallace v. State*, 106 S.W.3d 103, 108 (Tex.Crim.App. 2003). The determination of whether to grant a new trial based on newly discovered evidence rests with the trial court judge. *Eddlemon v. State*, 591 S.W.2d 847, 849-50 (Tex.Crim.App. 1979). An intermediate Texas court will review a trial court's denial of a motion for new trial based on an abuse of discretion standard. *Id.*; *Lewis v. State*, 911

S.W.2d 1, 7 (Tex.Crim.App. 1995). A trial court judge abuses its discretion when it "acted without reference to any guiding rules and principles, or, in other words, whether the court acted arbitrarily or unreasonably." *See Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993).

In the instant case, Petitioner filed a motion for new trial based on the discovery of new evidence, which consisted of letters written between another one of his daughters, Amanda, and the victim. Fed. Writ Pet. at 7; C-1 at 1. The trial court denied Petitioner's motion in a written order after conducting a full hearing on the matter. Petitioner appealed the ruling to the state court of appeals. The court of appeals, in a well-reasoned opinion, concluded that the trial court did not abuse his discretion in denying the motion for new trial based on newly discovered evidence. In reaching this conclusion, the court explained:

> The letters indicated that J.C. [the victim] had consensual sex with a boyfriend one time. At the hearing on the motion for new trial, defendant testified that although he had given J.C. his daughter's address so that they could correspond, he never read any of the letters that were exchanged. Defendant knew that J.C. and his daughter were writing each other and he admitted that teenage girls might discuss their sexual experiences. He also was aware that J.C. had engaged in sexual intercourse with her boyfriend because she had told him about it after it happened. Knowing all this, it would have been logical for the defendant, his lawyer, or either of the two private investigators he hired before trial to interview Amanda and ask her questions about the correspondence, but this was not done. It was the defendant's duty to seek out and interview any material witnesses, including the members of his own family. We find that the defendant did not exercise due diligence in trying to discover the evidence before trial.
>
> Also, we find that defendant has failed to show that the newly discovered evidence 'would probably bring about a different result at trial.' [Citation omitted]. Defendant claims that this new evidence is exculpatory. At the time J.C. wrote these letters, she was almost fourteen years of age. In the letters, she states that she had sex, only once, with her boyfriend and that this had occurred two years before. Defendant argues that if J.C. truthfully told Amanda that she lost her virginity in her first and only act of sexual intercourse with her boyfriend when she was approximately thirteen years of age, then the

12

> jurors could disbelieve her testimony that she had been repeatedly raped by defendant before that time. * * *
>
> We disagree with defendant's argument. The letters do not directly contradict her trial testimony. Defendant's claim of their exculpatory nature is based on his assumption that [the victim] would openly admit to Amanda that she was raped. Defendant also assumes that because she did not admit the sexual abuse to Amanda, in the context of her admissions of other sexual activity, she must have lied at trial. However, J.C.'s letters only show that she had consensual sex with her boyfriend. At the new trial hearing, J.C. explained her reasons for omitting the abuse in her letters. J.C. testified that she would never write about what had happened, not even in her own diaries. Therefore, she certainly would not mention the abuse, through correspondence, to defendant's own daughter.
>
> Furthermore, we find that even if these letters did raise a question regarding defendant's guilt, the record contains significant evidence to corroborate J.C.'s testimony. * * * Therefore, we find that the defendant has failed to show that the newly discovered evidence would probably bring about a different result at trial. The only purpose the evidence would serve is to impeach J.C.'s trial testimony, which is an impermissible reason to grant a second trial based on new evidence.

*Shafer v. State*, 82 S.W.2d at 556-57.

Carefully reviewing his federal habeas application, Petitioner merely reiterates his prior contentions that the letters from the victim were significant because they provide "a timeline of [the victim's] sexual experiences with boyfriends," that the timing of her consensual experiences with these boyfriends corresponds to her allegations against him, and his speculations that the "letters suggest that [the victim] has attributed blame and made accusations about [him] based upon her consensual acts with others." Fed. Writ Pet. at 7; Attach. C-1 at 2. Petitioner fails, however, to either allege or show that the trial court's denial of his motion for new trial constituted a violation of any constitutional right. Fed. Writ Pet. at 7; Attach. C-1 at 1-2.

A state prisoner seeking federal court review of his conviction must assert a violation of a federal constitutional right. Federal habeas corpus relief will not issue to correct errors of state

13

constitutional, statutory, or procedural laws, unless a federal issue is also presented. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998); *see also Cook v. Morrill*, 783 F.2d 593, 596 (5th Cir. 1986) (a federal court will not review a state court's interpretation of its own law in a federal habeas corpus proceeding). Federal courts "do not sit as a 'super' state supreme court" in such a proceeding to review errors under state law. *Martin v. Wainwright*, 428 F.2d 356, 357 (5th Cir. 1970); *see also Cronnon v. Alabama*, 587 F.2d 246, 250 (5th Cir. 1979). Petitioner has failed to allege a violation of any federal right in his Petition[3] and, as such, is not entitled to federal habeas relief for this claim. *See Boyd v. Puckett*, 905 F.2d 895, 896 (5th Cir. 1990); *Williams v. Wainwright*, 414 F.2d 806 (5th Cir. 1969).

Assuming arguendo Petitioner had alleged a violation of federal law, when a denial of a motion for new trial forms a basis of a petition for a federal writ of habeas corpus, not only must there have been an abuse of discretion but it must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process. *See Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984); *Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir. Unit B 1981); *Procella v. Beto*, 319 F.Supp. 662, 672 (S.D. Tex. 1970). An error by the trial court renders the trial fundamentally unfair only if there is a reasonable probability that the verdict would have been different had the trial been conducted properly. *See Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir.

---

[3] The Court observes that in his Reply, Petitioner appears to suggest that the State violated his due process rights by convicting him through the use of the perjured testimony of the victim. Pet'r Reply at 2. This claim was not presented in his federal habeas writ application, nor has Petitioner amended his Petition to include this claim. However, even assuming that this claim was properly presented, it is without merit. A prosecutor violates a criminal defendant's right to due process when he "knowingly uses perjured testimony at trial or allows untrue testimony to go uncorrected." *Goodwin v. Johnson*, 132 F.3d 162, 185 (5th Cir. 1997). Although Petitioner alleges that the victim's testimony was perjured, he offers no evidence to support his claims that it was false, nor does he offer any evidence that the prosecutor either knew or believed that the victim's testimony was false. Petitioner's allegations are entirely conclusory and, without more, cannot support his claim for relief in this federal habeas action.

14

1988). Applying the federal harmless error standard to federal habeas review of state court convictions, a petitioner is not entitled to federal habeas relief unless he can establish that the trial court error resulted in actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (*quoting*, *Kotteakos v. United States*, 328 U.S. at 776). Petitioner has failed to do so. Moreover, the state court's denial of this claim has not been shown to be "contrary to, or involved an unreasonable application of, clearly established federal law" or "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). Petitioner is not entitled to federal habeas relief on this claim. Accordingly, the Court **RECOMMENDS** that the Petition be **DENIED** on this point.

<u>Actual Innocence Issue</u>

Petitioner claims he is actually innocent. A claim of actual innocence based on newly discovered evidence does not state a basis for relief in a federal writ of habeas corpus absent an independent constitutional violation. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Here, Petitioner fails to establish any such violation. However, even assuming arguendo that Petitioner could establish an independent constitutional violation, he still fails to establish his claim. The law is clear that "the miscarriage of justice exception is concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. at 339. "To be credible," a claim of actual innocence must be based on "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). If the petitioner asserts his actual innocence of the underlying crime, he must demonstrate, "in light of all the evidence," that "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 328.

Petitioner's argument in support of his innocence is not based on recanted testimony, but in the letters the victim wrote his daughter, Amanda. The state courts reviewed these letters in light

of the claims in Petitioner's Motion for New Trial, his direct appeal, and his state habeas writs. As discussed, at the state court level, the trial court denied the Motion for New Trial only after considering the letters and all the testimony presented at the hearing on the motion. Upon direct review, the court of appeals determined, in part, that the trial court judge did not abuse his discretion in denying the Motion for New Trial because, contrary to Petitioner's assertions, the letters did not directly contradict the victim's testimony and, while the letters might have provided a basis for impeaching the witness, the letters were not exculpatory in nature. Petitioner presented the same claim in his state habeas writs and this too was denied. The state court's factual determinations are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Bridgers v. Dretke*, 431 F.3d 853, 857 (5th Cir. 2005). Moreover, a federal court cannot grant relief unless the state court's conclusion was contrary to or an unreasonable application of federal law. 28 U.S.C. § 2254(d); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). Petitioner makes no attempt to either rebut the presumption or to establish that the state decisions were contrary to or involved an unreasonable application of clearly established federal law. The state court determinations are entitled to deference by this Court. Consistent with the state court findings, this Court concludes that the letters might have provided a basis for impeachment, but do not, as Petitioner alleges, establish his claim of actual innocence. Viewing the facts in a light most favorable to the prosecution, a reasonable juror could have reached the conclusion that Petitioner committed the offenses alleged in the indictments. The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this point.

## CONCLUSIONS

For all the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Petition

for a Writ of Habeas Corpus of Robert Earl Shafer (Instrument No. 1) be **DISMISSED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **February 7, 2007,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____19th_____ day of January, 2007.

John R. Froeschner
United States Magistrate Judge